UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


CHARLES RIDDLE,

                    Petitioner,

v.                                  Case No. 3:06-cv-1015-J-12MCR

WALTER A. MCNEIL,[1]
et al.,

                    Respondents.
_____


**<u>ORDER</u>**

**<u>I. Status</u>**

Petitioner Charles Riddle, an inmate of the Florida penal system proceeding *pro se* and *in forma pauperis*, initiated this action by filing a Petition for Writ of Habeas Corpus (hereinafter Petition) (Doc. #2) pursuant to 28 U.S.C. § 2254 on September 7, 2006. Petitioner challenges a 2003 state court (Columbia County, Florida) judgment of conviction for aggravated battery with a deadly weapon and cruelty to animals on the following grounds: (1) Petitioner's judgment, conviction and sentence with respect to count one (aggravated battery with a deadly weapon) is in violation of the Fifth and Fourteenth Amendments because the Amended

_____

[1] Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Walter A. McNeil is substituted for James R. McDonough as the proper party Respondent having custody over Petitioner.

Information shows two distinct offenses defined in one count; (2) Petitioner's judgment, conviction and sentence with respect to count two (cruelty to animals) is in violation of the Fifth and Fourteenth Amendments because the Amended Information shows eight distinct offenses defined in one count; (3) ineffective assistance of counsel for failure to file a motion to dismiss the Amended Information since the offenses in both counts have been duplicated, thus making it questionable as to which charge the Petitioner was actually convicted; (4) Petitioner's habitual offender sentence is illegal on its face; and (5) the trial court reversibly erred in improperly admitting prejudicial <u>Williams</u>[2] rule evidence, despite the State's failure to file a notice of intent to present such evidence prior to the trial, thus depriving Petitioner of his right to a fair trial and due process of law in violation of the Fifth, Sixth and Fourteenth Amendments.

Respondents filed an Answer to Petition for Writ of Habeas Corpus (hereinafter Response) (Doc. #16) with exhibits in support of their Response.[3]  Petitioner was instructed on how to properly respond to a motion to dismiss and/or for summary judgment.  <u>See</u> Court's Order to Show Cause and Notice to Petitioner (Doc. #11). Petitioner has properly replied.  <u>See</u> Petitioner's Reply to State's

_____

[2] <u>Williams v. State</u>, 110 So.2d 654 (Fla. 1959).

[3] Respondents' exhibits will be hereinafter referred to as "Ex."

Response (hereinafter Reply) (Doc. #19).  This case is now ripe for review.

## II. Procedural History

On August 14, 2003, Petitioner was charged by Amended Information with aggravated battery with a deadly weapon and cruelty to animals.  Ex. A at 38-39.  After a trial by jury, Petitioner was found guilty as charged.  Ex. B and Ex. C, Transcripts of the Jury Trial conducted on August 27, 2003 (hereinafter Tr.) at 291-92; Ex. A. at 57, Verdict of the Jury.  On September 24, 2003, Petitioner was sentenced, as a habitual felony offender, to fifteen years of imprisonment for count one (followed by a period of fifteen years of probation/community control) and five years of imprisonment for count two, to run concurrently to count one.  Ex. A at 104-10; Ex. D at 14-16.

Petitioner, through counsel, raised the following issue on direct appeal: the trial court reversibly erred in improperly admitting prejudicial Williams rule evidence, despite the State's failure to file a notice of intent to present such evidence prior to trial, thereby depriving Petitioner of his right to a fair trial.  Ex. E.  The State filed an Answer Brief, and Petitioner filed a Reply Brief.  Ex. F; Ex. G.  On October 29, 2004, the appellate court per curiam affirmed without issuing a written opinion.  Riddle v. State, 886 So.2d 231 (Fla. 1st DCA 2004); Ex. H.  The mandate was issued on November 16, 2004.  Ex. H.

3

On or about September 13, 2005, Petitioner filed a *pro se* motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850, raising the following claims:  (1) Petitioner's judgment, conviction and sentence with respect to count one (aggravated battery with a deadly weapon) is in violation of the Fifth and Fourteenth Amendments because the Information shows two distinct offenses defined in one count; (2) Petitioner's judgment, conviction and sentence with respect to count two (cruelty to animals) is in violation of the Fifth and Fourteenth Amendments because the Information shows eight distinct offenses defined in one count; (3) ineffective assistance of counsel for failure to file a motion to dismiss the Information since the offenses in both counts have been duplicated; and (4) Petitioner's habitual offender sentence is illegal on its face. Ex. I at 1-19.  The State was ordered to respond and did respond. <u>Id</u>. at 20, 21-29.  Petitioner filed his Traverse to State's Response. <u>Id</u>. at 30-33.  The trial court denied the Rule 3.850 motion. <u>Id</u>. at 34-36.  On July 14, 2006, the appellate court per curiam affirmed without issuing a written opinion. <u>Riddle v. State</u>, 934 So.2d 454 (Fla. 1st DCA 2006); Ex. J.  The mandate was issued on August 9, 2006.  Ex. J.

Petitioner Riddle's Petition was provided to the prison officials at Gulf Correctional Institution for mailing to the Court on September 5, 2006, and as a result thereof, the Petition was

filed on September 7, 2006.[4]  Thus, the Petition is timely filed within the one-year period of limitations.  See 28 U.S.C. § 2244(d); Response at 2-3.

### III. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 127 S.Ct. 1933, 1940 (2007) (citation omitted).  "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id.

This Court has carefully reviewed the record and concludes Petitioner is not entitled to an evidentiary hearing.  The pertinent facts of the case are fully developed in the record before the Court.  Smith v. Singletary, 170 F.3d 1051, 1054 (11th Cir. 1999).  Thus, the Court can "adequately assess [Petitioner's] claim[s] without further factual development."  Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).  Therefore, an evidentiary hearing will not be conducted.

---

[4] Giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to the prison authorities for mailing to this Court (September 5, 2006).  See Houston v. Lack, 487 U.S. 266, 276 (1988).

## IV.  Standard of Review

Since this action was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA), April 24, 1996, the Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d), as amended by AEDPA.  Nelson v. Alabama, 292 F.3d 1291, 1294-95 (11th Cir. 2002), cert. denied, 538 U.S. 926 (2003); Fugate v. Head, 261 F.3d 1206, 1215 n.10 (11th Cir. 2001), cert. denied, 535 U.S. 1104 (2002); Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000).  Under AEDPA, however, the review "is 'greatly circumscribed and highly deferential to the state courts.' Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)." Stewart v. Sec'y, Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007).

The Eleventh Circuit has explained this deferential review:

> [Section] 2254(d) allows federal habeas relief for a claim adjudicated on the merits in state court only if the state court adjudication resulted in a decision that was: "(1) . . . contrary to, or involved an unreasonable[5] application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C. § 2254(d);

---

[5] "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold." Schriro v. Landrigan, 127 S.Ct. 1933, 1939 (2007) (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

> Marquard, 429 F.3d at 1303.  The phrase
> "clearly established Federal law," as used in
> § 2254(d)(1), encompasses only the holdings,
> as opposed to the dicta, of the United States
> Supreme Court as of the time of the relevant
> state court decision.  See Carey v. Musladin,
> 549 U.S. —, 127 S.Ct. 649, 653, 166 L.Ed.2d
> 482 (2006) (citing Williams v. Taylor, 529
> U.S. 362, 412, 120 S.Ct. 1495, 1523, 146
> L.Ed.2d 389 (2000)); Osborne v. Terry, 466
> F.3d 1298, 1305 (11th Cir. 2006).

Stewart, 476 F.3d at 1208-09.

"AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.' §2254(e)(1)." Schriro, 127 S.Ct. at 1939-40 (footnote omitted). This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling.  Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003).  See Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied, 545 U.S. 1142 (2005).  Thus, to the

7

extent that Petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under the new § 2254(d).

## V. Ineffective Assistance of Trial Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citations omitted). The Eleventh Circuit recently captured the essence of an ineffectiveness claim:

> The clearly established federal law for ineffective assistance of counsel claims was set forth by the U.S. Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish a claim of ineffective assistance of counsel, first, "the defendant must show that counsel's performance was deficient . . . [which] requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687, 104 S.Ct. at 2064. Second, the defendant must show that counsel's deficient performance prejudiced him. Id. That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. at 2068.

Gaskin v. Sec'y, Dep't of Corr., 494 F.3d 997, 1002 (11th Cir. 2007). "Establishing these two elements is not easy: 'the cases in which habeas petitioners can properly prevail on the ground of

ineffective assistance of counsel are few and far between.'"  <u>Van Poyck v. Florida Dep't of Corr.</u>, 290 F.3d 1318, 1322 (11th Cir. 2002) (per curiam) (citations and footnote omitted), <u>cert</u>. <u>denied</u>, 537 U.S. 812 (2002), 537 U.S. 1105 (2003).

The Eleventh Circuit stated:

> The Supreme Court has established certain principles and presumptions to guide our review of ineffectiveness claims under the flexible, case-specific standards of <u>Strickland</u>.  We engage only in a "highly deferential" review of counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." <u>Strickland</u>, 466 U.S. at 689, 104 S.Ct. at 2065 (quotation omitted).  As a result of this presumption, a petitioner must show "that no competent counsel would have taken the action that his counsel did take." <u>Chandler v. United States</u>, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc).  Thus, "where the record is incomplete or unclear about [counsel]'s actions, we will presume that he did what he should have done, and that he exercised reasonable professional judgment." <u>Id</u>. at 1314 n. 15 (quoting <u>Williams v. Head</u>, 185 F.3d 1223, 1228 (11th Cir. 1999)).  Moreover, because the standard is an objective one, trial counsel's admission that his performance was deficient "matters little." <u>Id</u>. at 1315 n.16.  We must also avoid "the distorting effects of hindsight" and evaluate the reasonableness of counsel's performance from the perspective of counsel at the time the acts or omissions were made.  <u>Strickland</u>, 466 U.S. at 689, 104 S.Ct. at 2065.

<u>Jennings v. McDonough</u>, 490 F.3d 1230, 1243-44 (11th Cir. 2007).

## VI. Findings of Fact and Conclusions of Law

### A. Ground One

As ground one, Petitioner claims that his judgment, conviction and sentence with respect to count one (aggravated battery with a deadly weapon) is in violation of the Fifth and Fourteenth Amendments because the Amended Information shows two distinct offenses defined in one count. As acknowledged by the parties, Petitioner raised this claim in his Rule 3.850 motion (as ground one). In denying the Rule 3.850 motion with respect to this claim, the trial court stated in pertinent part:

> THIS COURT, having examined the above-styled Motion of Defendant filed on or about September 19, 2005, the State's Response dated November 10, 2005, and Defendant's Traverse to State's Response filed on or about December 2, 2005, finds the following:
>
> Defendant was arrested on May 21, 2003[,] for the offense of Aggravated Battery. On June 2, 2003, the Office of the State Attorney filed an Information charging Defendant with Aggravated Battery: Deadly Weapon and Cruelty to Animals. On August 1[4], 2003, the Office of the State Attorney filed an Amended Information charging Defendant with two felony counts: Count One, Aggravated Battery: Deadly Weapon, and Count Two, Cruelty to Animals. On August 27, 2003, Defendant was found guilty as charged by a jury. On September 24, 2003, Defendant was sentenced as a Habitual Felony Offender to fifteen (15) years on Count One, followed by fifteen (15) years probation, and five (5) years on Count Two (concurrent with Count One). On December 9, 2003, the Office of the Public Defender, 2nd Judicial Circuit, filed an appeal on behalf of Defendant. On October 29, 2004, the 1st District Court of Appeal per curiam affirmed.

10

In the instant Motion, Defendant asserts for Grounds One <u>and</u> Two that his judgment, conviction and sentence are in violation of the Fifth and Fourteenth Amendments of the U.S. Constitution.

With regards to *Ground One,* Defendant claims "the information clearly shows on its face in count one, two distinct offenses are defined in one count." Defendant argues that "nowhere in 784.045 does it read that the defendant must 'touch' or 'strike' the victim in order to commit aggravated battery." Count One of the Information reads: JERRY M. BLAIR, State Attorney of the Third Judicial Circuit of Florida, charges that CHARLES AVERY RIDDLE on the 21st day of May, 2003, in COLUMBIA County, Florida, did unlawfully commit a battery upon Archie D. Jernigan by actually and intentionally touching or striking Archie D. Jernigan against his will, or causing bodily harm to Archie D. Jernigan, and in commission of said battery did use a deadly weapon, to-wit: Knife, contrary to Florida statute 784.045(1)(a). Florida Statute 784.045(1)(a) reads: Aggravated Battery: (1)(a) A person commits aggravated battery, who, in committing battery: 1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or 2. Uses a deadly weapon.

This Court agrees with the State's contention that the language in the Information (and Statute) is ordinary and concise and is in such a manner as to enable a person of common understanding to know what is intended. This Court finds that Defendant is not entitled to relief for Ground One.

**Furthermore, this Court also finds that said claim could have, and should have been raised at trial and properly preserved for direct appeal. "As a general rule, the charging of multiple offenses in a single count of an indictment or information - i.e. duplicity - is among the many defects that may**

> **be waived by failure to present a timely objection." <u>Fountain v. State</u>, 623 So.2d 572 (Fla. 1st DCA 1993).**

Ex. I at 34-35 (emphasis added).  And, on appeal, the appellate court per curiam affirmed.

Respondents point out that this claim was not raised on direct appeal, but rather was raised for the first time in Petitioner's Rule 3.850 motion.  Response at 5-7.  Clearly, "[a] petitioner in Florida is not entitled to collateral relief 'based upon grounds which could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence.'" <u>Tejada v. Dugger</u>, 941 F.2d 1551, 1556 (11th Cir. 1991) (quoting Fla. R. Crim. P. 3.850(c)), <u>cert</u>. <u>denied</u>, 502 U.S. 1105 (1992).  Thus, the trial court properly found that this issue was not cognizable in a motion for post-conviction relief.  However, the trial court also ruled on the merits of the claim, in the alternative.

Upon Petitioner's appeal, the appellate court affirmed the trial court's order, without stating the basis for its affirmance. The Eleventh Circuit Court of Appeals has stated that federal courts should not presume a state court would ignore its own procedural rules in summarily denying relief.

> <u>Coleman</u>[, 501 U.S. 722 (1991),] and <u>Ylst [v. Nunnemaker</u>, 501 U.S. 797 (1991),] lead us to conclude that we may not assume that had the state court issued an opinion, it would have ignored its own procedural rules and reached the merits of this case.  In fact, the most

>       **reasonable assumption** is that had the state
>       court ruled, it would have enforced the
>       procedural bar.

Tower v. Phillips, 7 F.3d 206, 211 (11th Cir. 1993) (emphasis

added). Thus, this Court presumes that the appellate court did not

reach the merits of the claim. Petitioner has procedurally

defaulted this claim.

"Procedural defaults in state courts will foreclose federal

court review, absent a showing of cause and prejudice." Parker v.

Sec'y for the Dep't of Corr., 331 F.3d 764, 770 (11th Cir. 2003)

(citing Wainwright v. Sykes, 433 U.S. 72 (1977)), cert. denied, 540

U.S. 1222 (2004). "[A] federal court may also grant a habeas

petition on a procedurally defaulted claim, without a showing of

cause or prejudice, to correct a fundamental miscarriage of

justice." Fortenberry v. Haley, 297 F.3d 1213, 1222 (11th Cir.

2002) (per curiam) (citing Murray v. Carrier, 477 U.S. 478, 495-96

(1986)), cert. denied, 538 U.S. 947 (2003). The fundamental

miscarriage of justice exception is only available in extraordinary

cases upon a showing of "'actual' innocence" rather than mere

"'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th

Cir. 2001) (citations omitted), cert. denied, 535 U.S. 926 (2002).

Petitioner has not shown both cause excusing the default and

actual prejudice resulting from the bar. Furthermore, he has not

shown that he is entitled to the fundamental miscarriage of justice

exception.   Thus, this ground is procedurally barred and need not be addressed by this Court.

Further, to the extent that the courts adjudicated the claim, in the alternative, on the merits[6] in the state courts, this ground should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA. As noted previously, upon Petitioner's appeal, the appellate court affirmed the trial court's order.   Accordingly, the claim was rejected on the merits by the state trial and appellate courts. Thus, there are qualifying state court decisions.  Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

---

[6] In denying the Rule 3.850 motion, on the merits, with respect to this claim, the trial court stated:

> This Court agrees with the State's contention that the language in the Information (and Statute) is ordinary and concise and is in such a manner as to enable a person of common understanding to know what is intended. This Court finds that Defendant is not entitled to relief for Ground One.

Ex. I at 35.

## B. Ground Two

As ground two, Petitioner claims his judgment, conviction and sentence with respect to count two (cruelty to animals) is in violation of the Fifth and Fourteenth Amendments because the Amended Information shows eight distinct offenses defined in one count.  As acknowledged by the parties, Petitioner raised this claim in his Rule 3.850 motion (as ground two).  In denying the Rule 3.850 motion with respect to this claim, the trial court stated in pertinent part:

> With regards to *Ground Two,* Defendant alleges that Count Two has eight distinct offenses, and thus violates Defendant's constitutional rights.  Count Two of the Information reads: JERRY M. BLAIR, State Attorney of the Third Judicial Circuit of Florida, charges that CHARLES AVERY RIDDLE on the 21st day of May, 2003, in COLUMBIA County, Florida, did then and there intentionally commit an act to an animal to-wit: a puppy, which resulted in the cruel death, or excessive or repeated infliction of unnecessary pain or suffering, or causes the same to be done, contrary to Florida Statute 828.12(2).[7] In the case of <u>Bartee v. State</u>, 401 So.2d 890, the court stated, "When a single statutory offense describes multiple alternative acts, each of which is prohibited, each separate prohibited act does not constitute a separate offense for double jeopardy purposes since there is but one statutory offense."
>
> This Court agrees with the State's contention that Count Two of the Information prohibits different subsections or alternatives in one criminal stat[ut]e yet

---

[7] <u>See</u> Tr. at 91-92, 100-02, 225, 280-81.

constitutes but *one offense* for which Defendant cannot twice be placed in jeopardy.[8] Defendant is not entitled to relief for Ground Two.

**Furthermore, this Court also finds that said claim could have, and should have been raised at trial and properly preserved for direct appeal.**

Ex. I at 35 (emphasis added).  And, on appeal, the appellate court per curiam affirmed.

Similarly to ground one, Respondents contend that this claim was not raised on direct appeal, but rather was raised for the first time in Petitioner's Rule 3.850 motion.  Response at 9-10. Petitioner has not shown cause and prejudice, nor has he demonstrated that he meets the requirements for the fundamental miscarriage of justice exception.  Thus, this ground is procedurally barred and need not be addressed by this Court.

Further, to the extent that the courts adjudicated the claim, in the alternative, on the merits[9] in the state courts, this ground

---

[8]  See Ex. I, State's Response to Defendant's Motion for Post Conviction Relief (3.850) at 26.

[9]  In denying the Rule 3.850 motion, on the merits, with respect to this claim, the trial court stated:

> In the case of Bartee v. State, 401 So.2d 890, the court stated, "When a single statutory offense describes multiple alternative acts, each of which is prohibited, each separate prohibited act does not constitute a separate offense for double jeopardy purposes since there is but one statutory offense."
>
> This Court agrees with the State's

should be addressed applying the deferential standard for federal
court review of state court adjudications, as required by AEDPA.
As noted previously, upon Petitioner's appeal, the appellate court
affirmed the trial court's order.    Accordingly, the claim was
rejected on the merits by the state trial and appellate courts.
Thus, there are qualifying state court decisions.  Upon a thorough
review of the record and the applicable law, it is clear that
Petitioner is not entitled to relief on the basis of this claim
because the state courts' adjudications of the claim were not
contrary to clearly established federal law, did not involve an
unreasonable application of clearly established federal law, and
were not based on an unreasonable determination of the facts in
light of the evidence presented in the state court proceedings.

## C. Ground Three

As ground three, Petitioner claims that defense counsel was
ineffective for failure to file a motion to dismiss the Amended
Information since the offenses in both counts have been duplicated,
thus making it questionable as to which charge the Petitioner was

_____

> contention that Count Two of the Information
> prohibits    different    subsections    or
> alternatives in one criminal stat[ut]e yet
> constitutes   but   *one*   *offense*   for   which
> Defendant cannot twice be placed in jeopardy.
> Defendant is not entitled to relief for Ground
> Two.

Ex. I at 35.

actually convicted.  As acknowledged by the parties, Petitioner raised this claim in his Rule 3.850 motion (as ground three).  In denying this ground on the merits, the trial court identified the two-prong Strickland ineffectiveness test as the controlling law and stated in pertinent part:

> For Ground Three, Defendant asserts ineffective assistance of counsel in failing to protect Defendant's due process rights. Defendant also argues as part of Ground Three that "Counsel has failed to file a motion to dismiss the information, due to said information has duplicated the offenses in both counts, therein making it questionable as to which charged [sic] the defendant was actually convicted of."

> This Court finds, as [sic] Defendant's allegations in Grounds One and Two are without legal merit, that Defendant's counsel lacked a good faith basis to raise any such objection, and therefore Defendant's assertions in Ground Three are without merit. Counsel acted appropriately and was functioning as the counsel guaranteed Defendant by the Sixth Amendment.

> Defendant has failed to meet his burden under Strickland v. Washington, 466 U.S. 668 (1984), for alleging ineffective assistance of counsel. Defendant has failed to show that the acts of counsel fell below a standard of reasonableness of professional norms and that these acts prejudiced the outcome of the proceedings as required by the Strickland Court. Defendant has failed to show the deficiency and has not shown a prima facie case of prejudice. The standard is not hindsight, but whether there was deficient conduct at the time of the act or omission and whether but for that deficiency, the "outcome would probably be different." Strickland; State v. Bucherie, 468 So.2d 229 (Fla. 1985).

Ex. I at 35-36.

As noted previously, upon Petitioner's appeal, the appellate court per curiam affirmed the trial court's order.  Accordingly, the claim was rejected on the merits by the state trial and appellate courts.  Thus, there are qualifying state court decisions.  This ground should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA.  Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

This Court also finds this ground to be without merit.  In evaluating the performance prong of the Strickland ineffectiveness inquiry, there is a strong presumption in favor of competence.  The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  Strickland v. Washington, 466 U.S. 668, 690 (1984).  "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'"  Rompilla

19

v. Beard, 545 U.S. 374, 381 (2005) (citations omitted).  Thus,
Petitioner must establish that no competent attorney would have
taken the action that counsel, here, chose.  United States v.
Freixas, 332 F.3d 1314, 1319-20 (11th Cir. 2003).  Here, counsel's
performance was not deficient.

Even assuming *arguendo* deficient performance by defense
counsel, Petitioner has not shown prejudice.  Petitioner has not
shown that a reasonable probability exists that the outcome of the
case would have been different if his lawyer had given the
assistance that Petitioner has alleged he should have provided.
Thus, the ineffectiveness claim is without merit.

### D. Ground Four

As ground four, Petitioner claims his habitual offender
sentence is illegal on its face.  Specifically, he states that he
was sentenced, as a habitual felony offender, based on an out of
state conviction contrary to Fla. Stat. § 775.084.  As acknowledged
by the parties, Petitioner raised this claim in his Rule 3.850
motion (as ground four).  In denying the Rule 3.850 motion with
respect to this claim, the trial court stated in pertinent part:

> For Ground Four, Defendant alleges that
> his Habitual Offender Sentence is illegal on
> its face.  Defendant also states he was
> sentenced pursuant to an out of state
> conviction, contrary to what the law reads in
> Florida Statute 775.08.  Said statute reads as
> follows: (1)(a) "Habitual felony offender"
> means a defendant for whom the court may
> impose an extended term of imprisonment, as
> provided in paragraph (4)(a), if it finds

that: 1. The defendant has previously been convicted of any combination of two or more felonies in this state or other qualified offenses. "Qualified offense" means any offense, substantially similar in elements and penalties to an offense in this state, which is in violation of a law of any other jurisdiction, whether that of another state ... that was punishable under the law of such jurisdiction at the time of its commission by the defendant by death or imprisonment exceeding 1 year.

This Court finds that the out-of-state convictions Defendant alludes to in Ground Four are qualifying convictions for habitual offender purposes. Defendant's allegations in Grounds Four are without legal merit.

Ex. I at 36.

Respondents contend, and this Court agrees, that Petitioner has raised an issue of purely state law that is not cognizable on federal habeas review. Response at 12-13. The purpose of a federal habeas proceeding is review of the lawfulness of Petitioner's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States.[10] Coleman v. Thompson, 501 U.S. 722, reh'g denied, 501 U.S. 1277 (1991). "Federal habeas relief is unavailable 'for errors of state law.'" Jamerson v. Secretary for Dept. of Corrections, 410

---

[10] A federal district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a).

F.3d 682, 688 (11th Cir. 2005) (quoting <u>Estelle v. McGuire</u>, 502
U.S. 62, 67 (1991)).

The Eleventh Circuit has found that it is well established
that federal courts cannot review a state's failure to adhere to
its own sentencing procedures.

> [W]e consistently have held that federal
> courts can not review a state's alleged
> failure to adhere to its own sentencing
> procedures. <u>Jones v. Estelle</u>, 622 F.2d 124,
> 126 (5th Cir.), <u>cert</u>. <u>denied</u>, 449 U.S. 996,
> 101 S.Ct. 537, 66 L.Ed.2d 295 (1980); <u>Nichols
> v. Estelle</u>, 556 F.2d 1330, 1331 (5th Cir.
> 1977), <u>cert</u>. <u>denied</u>, 434 U.S. 1020, 98 S.Ct.
> 744, 54 L.Ed.2d 767 (1978); <u>Willeford v.
> Estelle</u>, 538 F.2d 1194, 1196-98 (5th Cir.
> 1976). This limitation on federal habeas
> review is of equal force when a petition,
> which actually involves state law issues, is
> "couched in terms of equal protection and due
> process." <u>Willeford</u>, 538 F.2d at 1198.

<u>Branan v. Booth</u>, 861 F.2d 1507, 1508 (11th Cir. 1988), <u>cert</u>.
<u>denied</u>, 531 U.S. 1170 (2001).

The federal habeas corpus court will be bound by the Florida
court's interpretation of its own laws unless that interpretation
breaches a federal constitutional mandate. <u>McCoy v. Newsome</u>, 953
F.2d 1252, 1264 (11th Cir.) (per curiam), <u>cert</u>. <u>denied</u>, 504 U.S.
944 (1992). As succinctly stated by the Eleventh Circuit:

> A state's interpretation of its own laws or
> rules provides no basis for federal habeas
> corpus relief, since no question of a
> constitutional nature is involved. <u>Bronstein
> v. Wainwright</u>, 646 F.2d 1048, 1050 (5th Cir.
> Unit B June 1981). State courts are the
> ultimate expositors of their own state's laws,
> and federal courts entertaining petitions for

> writs of habeas corpus are bound by the
> construction placed on a state's criminal
> statutes by the courts of the state except in
> extreme cases. <u>Mendiola v. Estelle</u>, 635 F.2d
> 487, 489 (5th Cir. Unit A 1981).

<u>McCullough v. Singletary</u>, 967 F.2d 530, 535-36 (11th Cir. 1992),

<u>cert</u>. <u>denied</u>, 507 U.S. 975, <u>reh'g</u> <u>denied</u>, 507 U.S. 1046 (1993).

In sum, Petitioner's sentencing error claim presents an issue of state law that is not cognizable on federal habeas review. Accordingly, Petitioner is not entitled to relief on the basis of this claim.

Further, as noted previously, upon Petitioner's appeal, the appellate court per curiam affirmed the trial court's order. Accordingly, the claim was rejected on the merits by the state trial and appellate courts. Thus, there are qualifying state court decisions. This ground should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA. Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## E. Ground Five

As ground five, Petitioner Riddle claims that the trial court reversibly erred in improperly admitting prejudicial <u>Williams</u> rule evidence, despite the State's failure to file a notice of intent to present such evidence prior to the trial, thus depriving Petitioner of his right to a fair trial and due process of law in violation of the Fifth, Sixth and Fourteenth Amendments. Specifically, he alleges that the trial court allowed the State to present prejudicial evidence of bad acts committed by Petitioner prior to the May 21st date contained within the Amended Information. Petition at 5D; Ex. A at 38. He further states that "[t]he substance of Petitioner's Ground Five is that he was denied a fair trial by the erroneous admission of evidence regarding prior treatment of his puppy not relevant to the charged conduct of felony cruelty to animals." Reply at 1.

In support of his argument, he refers to two witnesses (Eilene Wallace and Constance Morrison) who testified regarding his treatment of the puppy. <u>Id</u>. (citing Tr. at 102-26). Petitioner concludes that the use of the above-cited improperly admitted evidence "made the difference between misdemeanor and felony cruelty to animals." Reply at 3. As acknowledged by the parties, Petitioner raised this claim on direct appeal. Ex. E, Initial Brief of Appellant; Ex. F, Answer Brief; Ex. G, Reply Brief. The

appellate court per curiam affirmed without issuing a written opinion.  <u>Riddle</u>, 886 So.2d 231; Ex. H.

To the extent that this claim was rejected on the merits by the state appellate court,[11] there is a qualifying state court decision, and this claim should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA.  Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Response at 14-17.

Further, this claim is without merit.  <u>Id</u>.; Ex. F.  In <u>Mills v. Singletary</u>, 161 F.3d 1273, 1289 (11th Cir. 1998), <u>cert</u>. <u>denied</u>, 528 U.S. 1082 (2000), the Eleventh Circuit explained that federal

---

[11] As previously stated, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling.  <u>Wright v. Sec'y for the Dep't of Corr.</u>, 278 F.3d 1245, 1255 (11th Cir. 2002), <u>cert</u>. <u>denied</u>, 538 U.S. 906 (2003).

courts possess only limited authority to consider state evidentiary rulings in a habeas proceeding brought by a state prisoner.

> Federal courts generally do not review a state court's admission of evidence in habeas corpus proceedings. <u>See</u> <u>McCoy v. Newsome</u>, 953 F.2d 1252, 1265 (11th Cir.), <u>cert</u>. <u>denied</u>, 504 U.S. 944, 112 S.Ct. 2283, 119 L.Ed.2d 208 (1992). We will not grant federal habeas corpus relief based on an evidentiary ruling unless the ruling affects the fundamental fairness of the trial. <u>See</u> <u>Baxter v. Thomas</u>, 45 F.3d 1501, 1509 (11th Cir.) (stating that we "inquire only to determine whether the error was of such magnitude as to deny fundamental fairness to the criminal trial.") (citations omitted), <u>cert</u>. <u>denied</u>, 516 U.S. 946, 116 S.Ct. 385, 133 L.Ed.2d 307 91995); <u>McCoy</u>, 953 F.2d at 1265. "A denial of fundamental fairness occurs whenever the improper evidence 'is material in the sense of a crucial, critical, highly significant factor.'" <u>Snowden v. Singletary</u>, 135 F.3d 732, 737 (11th Cir. 1998) (quoting <u>Osborne v. Wainwright</u>, 720 F.2d 1237, 1238 (11th Cir. 1983)), <u>cert</u>. <u>denied</u>, 525 U.S. 963, 119 S.Ct. 405, 142 L.Ed.2d 329 (1998).

The category of infractions that violate "fundamental fairness" is defined very narrowly. <u>See</u> <u>Estelle</u>, 502 U.S. at 73. Moreover, this Court "must defer to a state court's interpretation of its own rules of evidence and procedure." <u>Machin v. Wainwright</u>, 758 F.2d 1431, 1433 (11th Cir. 1985).

Here, after reviewing the trial transcript, it is clear that the trial judge did not err in admitting the testimony of Eilene Wallace and Constance Morrison regarding Petitioner's actions towards the puppy since Petitioner's actions were relevant to the Amended Information's recitation of "excessive or repeated

infliction of unnecessary pain or suffering" leading up to the beating and resulting euthanasia of the puppy.  Tr. at 97-99. Specifically, Ms. Wallace testified that she had seen the puppy become tangled in his rope, that Petitioner was hollering at the puppy while trying to untangle him, that Petitioner swung the puppy off the ground away from the steps and porch area so the dog would not get tangled, that she saw the puppy tangle himself in the rope on prior occasions, that Petitioner would get agitated at the puppy and scold him, but that she never saw Petitioner become violent with the puppy or hit the puppy with a stick.  Tr. at 109-13; <u>see</u> Reply at 1-2.  Further, Ms. Morrison testified that the puppy was not well taken care of, that she saw the puppy get tangled in his rope many times, that on one occasion the puppy was so tangled that he had to stand on his hind legs and was not able to get to his food, that she had seen Petitioner hit the puppy with a broom to make him go out, that Petitioner's actions appeared to hurt the puppy, that her boyfriend would try to help the puppy and her friend Loretta Priestly would go over and let Petitioner know about the puppy and the food.  Tr. at 117-21; Reply at 2.

Further, the admission of the evidence did not affect the fundamental fairness of the trial. Petitioner admitted that he "did whup" the puppy.  Tr. at 211.  Specifically, he stated:

> He was a little puppy and I was trying to housebreak him.  He had been doing pretty good until that day and it's like he deliberately used the floor.  **And I did whup him**.  But I

27

> didn't try to hurt him.  And I kept -- I
> didn't put food outside for him because all
> the other animals would eat it.  I kept him in
> the house.  I couldn't afford to feed all the
> animals there.  That is why I kept him in the
> house most of the time.

Id. (emphasis added).  Corporal Holloway testified that Petitioner told him that he was striking the puppy with a stick when Mr. Jernigan, the stabbing victim, approached him and told him to stop. Id. at 191.  Mr. Jernigan stated that he saw Petitioner holding the puppy upside down by its hind legs and "pounding it back and forth like this with his hand."  Id. at 31.  Deputy Sweat, who responded to the scene, "found the puppy just inside the front door of the residence laying on the floor underneath a chair."  Id. at 178.  He testified that the puppy was in "[v]ery poor condition" and "was laying in his own urine scared to death, just shaking."  Id.  He explained that the puppy "tried to get up and he would fall back down."  Id.  Deputy Sweat thought the puppy's back was broken because he was not moving his back legs "hardly at all."  Id.  The puppy "was crying and whimpering a little bit . . . ."  Id. at 179. Michelle Eubanks, the animal control officer who responded to the scene, testified that she saw the puppy with feces and urine all over him.  Id. at 127, 131, 148.  She assessed the puppy as a minus ten because the dog could not stand up.  Id. at 127, 130, 148.  She assumed that either his back or his legs were broken.  Id. at 148. Because of the condition of the puppy, the decision was made to euthanize the puppy.  Id.

This testimony overwhelmingly described the result of the excessive beating of the puppy by Petitioner before he stabbed the victim, Mr. Jernigan.  Clearly, it was this testimony, without the additional testimony of the puppy being hit with a broom and getting tangled up at the front porch, which resulted in the conviction.  Given the detailed description of the puppy's condition after the May 21st beating by Petitioner, there is no reasonable probability that the evidence of additional, minor incidents contributed to the conviction.  Petitioner's right to a fundamentally fair trial was not violated.

For all of the previously-stated reasons, the Petition will be denied, and this case will be dismissed with prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    The Petition (Doc. #2) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

2.    The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.    The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this <u> 1st    </u> day of October, 2008.

HOWELL W. MELTON
United States District Judge

sc 9/18
c:
Charles Riddle
Ass't Attorney General of Record